IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MARY GLOVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 6:22-cv-724 |
| | § | |
| PILOT TRAVEL CENTERS LLC, | § | |
| PTCAA TEXAS, LP, and | § | |
| GREENAMERICA BIOFUELS LLC | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendant Pilot Travel Centers, LLC and PTCAA Texas, LP (collectively "Defendants") and file this Notice of Removal pursuant to 28 U.S.C. §1446(a). In support thereof, Defendants would respectfully show the Court as follows:

### I. STATEMENT OF FACTS

1. Plaintiff is Mary Glover ("Plaintiff"), a resident of Montgomery County, Texas, as alleged in Plaintiff's Original Petition. (*See* Index of State Court Documents ("Index") at Tab 1, pg. 1).

2. Defendant Pilot Travel Centers LLC ("Pilot") is a Delaware limited liability company. Defendant PTCAA Texas, LP ("PTCAA"), is a Texas limited partnership. Defendant GreenAmerica Biofuels LLC ("GreenAmerica") is a Delaware limited liability company.

3. On May 3, 2022, Plaintiff filed a premises liability/negligence action against Defendants in the 278th District Court of Leon County, Texas, Cause No. 22-0107CV. (*See* Index at Tab 1).

4. Defendant Pilot was served with Plaintiff's suit on June 1, 2022. (*See* Index at Tab 2). Defendant PTCAA was served with Plaintiff's suit on June 17, 2022. (*See* Index at Tab 3). Defendants file this Notice of Removal within the thirty-day time period imposed by 28 U.S.C. §1446(b). Therefore, this Notice is timely filed.

## II. BASIS FOR REMOVAL

5. Removal is proper because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 on the face of Plaintiff's petition. *See* 28 U.S.C. §1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (noting that complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side).

## III. CITIZENSHIP ANALYSIS

### A. Standards for the Determination of Citizenship for Diversity

6. An individual's citizenship is determined by the state in which he/she is domiciled. *See Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Importantly, for diversity purposes the citizenship of a limited liability company or a limited partnership **is not** determined by its principal place of business or state of formation. Rather, the citizenship of a limited liability company or a limited partnership for diversity jurisdiction purposes is determined by the citizenship of each of its members or partners respectively. *See Harvey*, 542 F.3d at 1079-1081; *Trafigura AG v. Enterprise Products Operating, LLC*, 995 F.Supp.2d 641, 644 (S.D. Tex. 2014) ("Unlike corporations, the

citizenship of a limited liability company ('LLC') or a partnership is determined by the citizenship of all its members.").

7. A corporation is a citizen of the state in which it was incorporated and state in which it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen Limited Liability Corporation*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's principal place of business is where the officers of the company direct, control and coordinate the corporation's activities. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

8. When the members or partners of a limited liability company or limited partnership are also entities or associations, each layer must be traced backwards to determine citizenship. *See Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F.Supp.2d 760, 765 (S.D. Tex. 2007) ("[C]itizenship of an unincorporated association must be traced through each layer of the association, however many there may be.").

### B. Plaintiff's Citizenship

9. Plaintiff resides in Montgomery County, Texas and therefore is a citizen of Texas. (*See* Index at Tab 1, at pg. 1); *See Acridge*, 334 F.3d at 448.

### C. Pilot Travel Centers, LLC's Citizenship

10. Pilot is a limited liability company organized and existing under the laws of the State of Delaware. As a limited liability company, Defendant is composed of four members: (a) National Indemnity Company; (b) Pilot Corporation; (c) BDT I-A Plum Corporation; and (d) FJM Investments, LLC.

11. National Indemnity Company is a citizen of Nebraska. National Indemnity Company was incorporated in Nebraska and its principal place of business is also located in Nebraska.

12. Pilot Corporation is a citizen of Tennessee. Pilot Corporation was incorporated in Tennessee and its principal place of business is also located in Tennessee.

13. BDT I-A Plum Corporation is a citizen of both Illinois and Nebraska. BDT I-A Plum Corporation was incorporated in Illinois. The principal place of business for BDT I-A Plum Corporation is located in Nebraska.

14. FJM Investments, LLC is a citizen of Utah. FJM Investments, LLC is a Utah limited liability company composed of one member, FJ Management, Inc. FJ Management Inc. was incorporated in Utah and its principal place of business is also located in Utah.

15. Based upon the foregoing, the members of Pilot are citizens of Nebraska, Tennessee, Illinois and Utah. Consequently, Pilot is a citizen of Nebraska, Tennessee, Illinois, and Utah for diversity purposes.

**D. PTCAA Texas, LP's Citizenship**

16. PTCAA is a Texas limited partnership composed of a general partner, Pilot, and one limited partner, PTC Delaware LLC ("PTC Delaware").

17. As previously stated, Pilot is a citizen of Nebraska, Tennessee, Illinois and Utah for citizenship purposes.

18. PTC Delaware is a limited liability company organized and existing under the laws of the State of Delaware. It has one member, Pilot, which is also its sole owner. Thus, PTC Delaware is a citizen of the same states as Pilot: Nebraska, Tennessee, Illinois, and Utah. *See Harvey*, 542 F.3d at 1079-1081.

19. Consequently, Defendant PTCAA is a citizen of the following states for diversity purposes: Nebraska, Tennessee, Illinois, and Utah.

### E. GreenAmerica Biofuels LLC's Citizenship

20. GreenAmerica, is a Delaware limited liability company composed of two members, Bunkerhill Oil Marketing LLC ("Bunkerhill") and Beverage Management Associates Inc. ("Beverage").

21. Bunkerhill is composed of one member, PFJE Holdings LLC ("PFJE"), a Delaware limited liability company. PFJE itself only has one member—Pilot. Accordingly, Bunkerhill is a citizen of Nebraska, Tennessee, Illinois, and Utah. Beverage is a Texas corporation with its principal place of business in Knoxville, Tennessee. Thus, Beverage is a citizen of Texas and Tennessee, making GreenAmerica a citizen of Nebraska, Tennessee, Illinois, Texas, and Utah for the purposes of diversity.

22. While it would appear that the presence of GreenAmerica destroys diversity, such is not the case because GreenAmerica has been improperly joined to defeat diversity. *See Salazar v. Allstate Tex. Lloyds, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). There is fraud in Plaintiff's pleading of jurisdictional facts and/or there is no reasonable basis to believe that Plaintiff could recover from GreenAmerica state court. *See Gasch v. Hartford Accident & Idem. Co*., 491 F.3d 278, 281 (5th Cir. 2006); *Larroquette v. Cardinal Health 200, Inc*., 466 F.3d 373, 376-77 (5th Cir. 2006).

23. GreenAmerica buys, sells, and blends biofuels, which it transports via carriers. (*Sheppard* Affidavit at ¶2-3). Its primary purpose is to generate renewable identification numbers. (*Sheppard* Affidavit at ¶3). GreenAmerica does not own, operate, maintain, or control any travel centers, including the one at issue. (*Sheppard* Affidavit at ¶3). GreenAmerica did not employ, train, pay, or otherwise supervise any of the employees present on the premises at the time of the incident. (*Sheppard* Affidavit at ¶4). GreenAmerica plays no role in operating Pilot's travel centers. (*Sheppard* Affidavit at ¶3). GreenAmerica did not create the condition. (*Sheppard*

Affidavit at ¶4). GreenAmerica had no right to supervise, direct, occupy, or otherwise make safe the property at issue. (*Sheppard* Affidavit at ¶4).

24. In this case, Plaintiff claims that she was injured when she "tripped and fell over a counter mat that had been knocked off the counter onto the floor." (*See* Index at Tab 1, at pg. 2). It is axiomatic that in order to be held liable for premises liability in Texas, a defendant must own, occupy, or exert control over the premises in questions. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 292-93 (Tex. 2004); *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473-74 (Tex. 2017). Federal courts have determined that, in a premises liability case, a party that does not own, operate, or control the premises at issue is improperly joined. *See Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 70 (5th Cir. 2010) (unpublished); *Lopez v. Wal-Mart Stores, Inc.*, No. B-15-174, 2016 WL 1104884, at *1, *3 (S.D. Tex. Jan. 15, 2016) (mem. op.) ("In sum, the undisputed facts show that Smith did not have control and responsibility over the premises at the time of the incident. Accordingly, the Court should dismiss Smith as a defendant in this case, because he was improperly joined."); *Padilla v. Wal-Mart Stores, LLC*, No. EP-19-CV-004-KC, 2019 WL 2565260, at *1, *3 (W.D. Tex. Apr. 9, 2019) (mem. op.). GreenAmerica did not, own, operate, or control the premises at issue. (*Sheppard* Affidavit at ¶4). In fact, there is no factual nexus between GreenAmerica and the incident underlying this suit at all. (*See Sheppard* Affidavit). Therefore, GreenAmerica has been fraudulently joined and its consent is not necessary to this removal. Plaintiff has improperly joined Defendant GreenAmerica as a codefendant in this action for the sole purpose of attempting to prevent removal of the action to this Court.

25. The facts alleged in Plaintiff's Original Petition clearly show that Plaintiff seeks recovery of damages solely from the removing parties, Pilot and PTCAA. Moreover, Defendant GreenAmerica has no other connection or interest, monetary or otherwise, in this action.

Accordingly, there is no possibility that Plaintiff could establish a cause of action against GreenAmerica in state court and there is no arguably reasonable basis for predicting that Texas law might impose liability on GreenAmerica on the facts involved.

26.     Because Plaintiff is a citizen of Texas, complete diversity of citizenship exists and removal on the grounds of diversity jurisdiction is appropriate. *See* 28 U.S.C. §1332(a). Complete diversity of the parties existed on the date the state court action was filed, and existed at the time this Notice of Removal was filed.

### IV.     AMOUNT IN CONTROVERSY ANALYSIS

**A. The Amount in Controversy Requirement Is Established by Plaintiff's Petition**

27.     The amount in controversy in this case exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). It is facially apparent that Plaintiff's claims exceed the jurisdictional minimum. *See Espinoza v. Allstate Texas Lloyds*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (quoting *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Plaintiff requests "monetary relief over $1,000,000.00" (*See* Index at Tab 1, at pg. 4). For this reason alone, the amount in controversy is conclusively established on the face of Plaintiff's own petition. Plaintiff also requests damages for "serious bodily injuries," "physical pain and suffering and mental anguish, in the past and into the future," past and future reasonable and necessary medical expenses, "[d]isfigurement in the past and future," "[p]hysical impairment in the past and future," and "[l]oss of earning capacity in the past and future." (*See* Index at Tab 1, at pg. 2-3). Plaintiff further requests pre-judgment and post-judgment interest, costs of the court, and "such other and further relief." (*See* Index at Tab 1, at pg. 4).

28.     In addition, Plaintiff requests damages in an amount "in excess of the minimal jurisdictional limits" of the state district court, which does not have an upper limit on its authority

to grant monetary damages. (*See* Index at Tab 1, at pg. 4). "[W]hen a plaintiff alleges a host of potential forms of relief, such a decision indicates that the plaintiff is seeking any possible grounds to maximize her recovery to the cap." *See Morris v. Home Depot U.S.A., Inc.*, No. 3:10-CV-2289-B, 2011 WL 711047, at *4 (N.D. Tex. Feb. 28, 2011) (mem. op.) (internal quotations omitted). Moreover, as in this case, "[w]hen a plaintiff claims slip-and-fall damages, such as medical expenses, physical pain and suffering, and disability and disfigurement, a recovery exceeding $75,000 'could reasonably be expected.'" *Cotton v. Kroger Tex., LP*, No. 4:19-CV-730, 2019 WL 6878828, at *3 (E.D. Tex. Dec. 17, 2019) (mem. op.).

29. In addition, however, Plaintiff requests that discovery be conducted under Level 3, rather than the expedited discovery process available under Level 1. *Cotton v. Kroger Tex., LP* at *3 ("[T]he fact that [the plaintiff] did not seek to utilize the expedited discovery procedures available to Level 1 plaintiffs seeking less than $100,000 under the Texas rules is relevant to determining the amount in controversy."). Recently, Texas Rule of Civil Procedure 169 was amended to limit the amount of recovery to $250,000.00—far more than the amount in controversy requirement of $75,000.00. Plaintiff's unwillingness to proceed under a Level 1 discovery plan that would limit her recovery to $250,000.00 supports Plaintiff's belief that her damages exceed $250,000.00 in this case. *See List v. PlazAmericas Mall Tex., LLC*, No. H-18-4810, 2019 WL 480130, at *2-*4 (S.D. Tex. Fed. 7, 2019) (mem. op.) ("Some courts consider the discovery level the plaintiff selected in determining the amount in controversy. Under Texas law, Level 3 discovery is used in complicated cases involving a larger amount in controversy and requiring relatively extensive discovery."). Thus, the amount in controversy is affirmatively established on the face of Plaintiff's Original Petition.

30. "In today's world, it does not take much to exceed $75,000.00" *See Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013) (mem. op). The types of injuries claimed by Plaintiff are similar to those in other cases where it was facially apparent that the amount in controversy exceeded $75,000.00. *See Bourne v. Wal-Mart Stores, Inc.*, 582 F. Sup.2d 828, 839 (E.D. Tex. 2008). For example, in *Bourne* the amount in controversy was met when the plaintiff alleged "severe injuries to her arm, hip, side and body generally which have required continuing medical treatment and which are permanent and continuing in nature." *See id.* at 839.  Plaintiff's alleged damages are of the same nature as other cases that have exceeded the amount in controversy requirement. *See id.* at 840 (discussing numerous cases where the amount in controversy was met); *see also Morris*, 2011 WL 711047, at *1-*4 (finding that amount in controversy met when plaintiff alleged "severe and permanent injury to her lower back, buttock, hip, and groin" and discussing other cases where the amount in controversy was facially apparent). Plaintiff has alleged a broad array of categories of damages and claims that she sustained "serious bodily injuries" with "injuries to her left knees, neck, back, and other parts of her body." (*See* Index at Tab 1, at pg. 2-3); *see Gutierrez v. Swift Transp. Co., Inc.*, No. EP-10-CV-406-KC, 2011 WL 318294, at *3 (W.D. Tex. Jan. 28, 2011) (mem. op.) ("Not only does Plaintiff cite an extensive list of damages, which have been held to constitute facial apparentness for purposes of establishing the amount in controversy, but Plaintiff also plainly pleads 'severe' damages.").

**B. The Amount in Controversy Requirement Is Established by Plaintiff's Pre-suit Demand**

31. A plaintiff's demand letter can serve as sufficient evidence to satisfy the amount in controversy requirement. *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp.2d 805, 808 (W.D. Tex. 2008) ("Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000."). In this suit, Plaintiff transmitted a demand letter to Defendant

on October 12, 2021, 2021. In this demand letter, Plaintiff demanded $250,000.00 to settle the underlying suit, which reveals that Plaintiff values her suit to be far above the amount in controversy minimum. *See Carnahan v. S. Pac. R. R. Transp. Co.*, 914 F.Supp. 1430, n.4 (E.D. Tex. 1995); *Escobedo v. Marmaxx Operating Corp.*, No. B-09-123, 2009 WL 1636245, at *3 (S.D. Tex. Jun. 10, 2009) (mem. op.); *Hammel v. State Farm Fire and Cas. Co.*, Nos. 06-7470, 069615, 2007 WL 519280, at *4 (E.D. La. Feb. 14, 2007) (mem. op.); *Heidhues v. Owen Loan Serv., LLC*, No. SA-10-CA-361-FB, 2010 WL 11652128, at *2 (W.D. Tex. Aug. 31, 2010) (mem. op.). Therefore, the amount in controversy exceeds $75,000 both on the face of Plaintiff's Original Petition and due to the amount Plaintiff previously demanded.

32. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. *See* 28 U.S.C. §1446(b)(2)(A).

33. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

34. Venue is proper in this District under 28 U.S.C. §1441(a) because the state court where the suit is pending is located in this District.

35. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit is pending.

## IV.  JURY DEMAND

36. Plaintiff has demanded a jury trial in the state-court suit.

## V.  CONCLUSION

37. Plaintiff and all properly joined Defendants are completely diverse and the amount in controversy exceeds the jurisdictional minimum. For these reasons, Defendant respectfully removes the State Court action to the Western District of Texas.

Respectfully submitted,

/s/ Michael B. Jones
Attorney in Charge: Michael B. Jones, SBN 24002375
MJones@CanterburyLaw.Com
Austin H. Moorman, SBN 24102928
AMoorman@CanterburyLaw.Com
Kaitlyn M. McClaine, SBN 24126196
KMcClaine@CanterburyLaw.com

CANTERBURY, PC

4851 LBJ Freeway, Suite 301
Dallas, Texas  75244
(972) 239-7493
(972) 490-7739 - Fax

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 1st day of July, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the CM/ECF electronic case filing system of the court and/or served the foregoing document by another method authorized by Federal Rule of Civil Procedure 5(b).  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

Adam J. Rosenfeld
ajrosenfeldsrv@smslegal.com
SCHECHTER, SHAFFER & HARRIS, L.L.P.
3200 Travis, 3rd Floor
Houston, TX 77006
TEL: (713) 524-3500
FAX: (866) 678-0789
*Counsel for Plaintiff*

/s/ Michael B. Jones
Michael B. Jones